# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

EDGENET, INC.,

        Plaintiff,

v.                                               Case No. 09-CV-65

GS1 AIBSL, GS1 US, INC., 1SYNC, INC., and
AMERICAN HARDWARE MANUFACTURERS
ASSOCIATION,

        Defendants.

_____

## ORDER

Plaintiff Edgenet, Inc. ("Edgenet") filed the instant suit alleging that the defendants misappropriated and misrepresented its trade secrets regarding a taxonomy[1] of products. In response, defendants GS1 AIBSL ("GS1 Global"), GS1 US, Inc. ("GS1 US"), 1Sync, Inc. ("1Sync"), and the American Hardware Manufacturers Association ("AHMA") filed motions to dismiss. While the motions to dismiss remained pending, Edgenet requested permission to file a Second Amended Complaint. The court will grant this request and will deny the motions to dismiss.

## BACKGROUND

Edgenet is an information technology provider engaged in the creation and sale of software programs and related services to assist product manufacturers, suppliers, distributors and retailers. Edgenet operates data pools that collect and

---

[1] A taxonomy is the orderly classification of items according to their relationships. *See* Merriam-Webster Online, www.merriam-webster.com/dictionary/taxonomy (last visited January 5, 2010). "A taxonomy is a way of describing items in a body of knowledge or practice." *ADA v. Delta Dental Plans Ass'n*, 126 F.3d 977, 980 (7th Cir. 1997).

deliver "supply-chain" data used to describe the attributes of products. As part of its services, Edgenet developed a "Collection Taxonomy and Attributes" that provides a hierarchical classification system to organize products and describe characteristics, properties, and qualities of those products. Edgenet obtained a federally registered copyright for its Collection Taxonomy and Attributes in 2008. Edgenet uses this Collection Taxonomy to provide data-related services and customized derivative taxonomies to clients.

Defendant GS1 Global is a Belgian corporation engaged in the development and implementation of global business standards for describing products and moving them through the supply chain. Defendant GS1 US is an American company engaged in similar efforts to develop and implement standards within the United States. Defendant 1Sync is a subsidiary of GS1 US and provides data pool services to customers. The final defendant, AHMA, is a trade association that provides services to hardware manufacturers and other members.

GS1 US, 1Sync, and AHMA jointly initiated a project for incorporating marketing attributes into the global standards. The initiative put out a request for information regarding marketing data taxonomies and, in response, the defendants obtained a customized taxonomy that Edgenet had created for one of its customers. Edgenet alleges that the defendants then used this confidential and copyrighted taxonomy for their own benefit and disseminated it to others via an online "community room."

-2-

Case 2:09-cv-00065-JPS   Filed 01/05/10   Page 2 of 13   Document 42

These events form the basis for the claims contained in Edgenet's current complaint, the "Amended Complaint." The Amended Complaint asserts claims for copyright infringement, trade secret misappropriation, violations of the Lanham Act, deceptive trade practices, and violations of Wis. Stat. § 134.01. The defendants filed three separate motions to dismiss Edgenet's Amended Complaint. The two motions to dismiss filed by GS1 US, 1Sync, and AHMA allege that the complaint must be dismissed for failure to join necessary parties and that each count should also be dismissed for failure to state a claim. Alternatively, the motions ask the court to direct Edgenet to provide a more definitive statement of its claims, pursuant to Federal Rule of Civil Procedure 12(e). GS1 Global joins in these arguments, and additionally argues that all claims asserted against it must be dismissed because the court lacks personal jurisdiction.

Edgenet now seeks to file a "Second Amended Complaint" asserting claims for monopolization pursuant to 15 U.S.C. § 2, monopolization pursuant to Wis. Stat. § 133.18, a civil RICO conspiracy pursuant to 18 U.S.C. § 1962(c), a civil RICO conspiracy pursuant to 18 U.S.C. § 1962(d), violations of the Wisconsin Organized Crime Control Act, Wis. Stat. § 946.80 *et seq*, copyright infringement, misappropriation of trade secrets pursuant to Wis. Stat. § 134.90, violations of the New Jersey Consumer Fraud Act, N.J.S. § 56:8-2 and 56:8-2.7, common law misappropriation, and unjust enrichment. The proposed complaint eliminates many

-3-

of the claims challenged by the defendants in their motions to dismiss and provides more detailed factual allegations than the current complaint.

## ANALYSIS

The court now considers Edgenet's request for leave to file the Second Amended Complaint and the defendants' motions to dismiss the Amended Complaint.

### I. Motion for Leave to Amend

Edgenet seeks to file a Second Amended Complaint that eliminates two previously-asserted claims, adds eight new claims, and provides more detailed factual allegations in support of existing claims. The defendants oppose Edgenet's motion and argue that the proposed amendment is unduly prejudicial, represents a repeated failure to cure a deficiency in the complaint, and that amendment of the complaint is futile because the suit is subject to dismissal under Rule 12(b)(7) for failure to join necessary parties. However, the court disagrees and will grant leave for Edgenet to file its Second Amended Complaint.

Federal Rule of Civil Procedure 15 states that a court should "freely give leave" for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Federal Rules envision a liberal policy toward amendment of the pleadings. *Kier v. Commercial Union Ins. Co.*, 808 F.2d 1254, 1258 (7th Cir. 1987). Though the rule is interpreted liberally in favor of amendment, a court may deny

leave to amend based on undue delay, bad faith, dilatory motive, prejudice, or futility. *Guise v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004).

The defendants assert that permitting amendment of the complaint is unfairly prejudicial because they spent considerable time and resources briefing their motions to dismiss. However, the defendants' argument is based only on their own inconvenience and not on any legal authority. The defendants also argue that Edgenet repeatedly failed to cure deficiencies in its complaint and should now be precluded from filing a second amended complaint. However, Edgenet has not amended its complaint since the defendants filed their responsive pleadings. Edgenet amended its complaint once before, pursuant to a stipulation between the parties and prior to the filing of any response. Therefore, Edgenet's motion to file the Second Amended Complaint represents only its first attempt at resolving deficiencies raised by the defendant's motions to dismiss. Denying Edgenet's request on either of these grounds runs counter to a liberal interpretation and application of Rule 15.

The defendants further argue that the court should deny leave to amend because Edgenet's attempt to amend is futile. The defendants assert that the proposed Second Amended Complaint fails to name necessary parties and would not survive a motion to dismiss pursuant to Rule 12(b)(7) and Rule 19. The defendants incorporate the arguments they made in the pending motions to dismiss into their opposition to Edgenet's request to amend. Therefore, the court will

-5-

address the arguments and determine whether the Second Amended Complaint fails to join necessary parties.

Federal Rule of Civil Procedure 12(b)(7) provides for the dismissal of an action when there is a failure to join a party under Rule 19. Fed. R. Civ. P. 12(b)(7). Dismissal for failure to join a party under Rule 19 requires a two-step inquiry. *Davis Companies v. Emerald Casino, Inc.*, 268 F.3d 477, 481 (7th Cir. 2001). A court first considers whether the absent party is one that should be joined if feasible, traditionally known as a "necessary" party. *Id.* In determining whether the absent party is necessary under Rule 19(a), the court considers the following: 1) whether complete relief can be accorded without joinder of that party; 2) whether the party's ability to protect his interest will be impaired; and 3) whether the existing parties will be subject to a substantial risk of multiple or inconsistent obligations unless the party is joined. *Id.* If the court deems the absent party "necessary" to the litigation, but the party cannot be included in the action, then the court proceeds to the second part of the inquiry. *Id.* The court next determines whether the litigation can proceed at all in the party's absence by considering whether it can structure a judgment that will protect the absent party's rights and the existing litigants' rights. *Thomas v. United States*, 189 F.3d 662, 667 (7th Cir. 1999).

The defendants assert that Edgenet's action must be dismissed because it fails to name two necessary parties – the customer who provided Edgenet's proprietary information to the defendants, and the co-author of Edgenet's

copyrighted taxonomies. Edgenet creates customized taxonomies for clients and requires its clients to maintain the confidentiality of this information. One of Edgenet's clients, Lowe's,[2] allegedly provided the customized taxonomy that Edgenet had prepared for it to the defendants as part of the standards-setting initiative. The defendants then allegedly misappropriated the taxonomy and disseminated it to Edgenet's direct competitors. The defendants suggest that if Lowe's is not named as an additional party to the suit, then the court cannot accord complete relief because Lowe's is also culpable in any alleged misappropriation. The defendants further assert that Lowe's is necessary because they may be drawn into a second round of litigation if Edgenet later sues Lowe's based on the same events.

Edgenet responds that its claims are akin to tort claims and that all joint tortfeasors need not be named as defendants in a single lawsuit. Edgenet also points out that the defendants are free to file a third-party complaint against Lowe's for contribution or indemnification if they are concerned about being held responsible for Lowe's conduct. This court agrees that Lowe's is not a necessary party.

---

[2] Edgenet's Amended Complaint does not reveal the identity of this customer, but merely states that "one of Edgenet's customers provided GS1 US, 1Sync and AHMA with the Customized Taxonomy that had been specifically prepared for that customer by Edgenet." (Am. Compl., at ¶ 24). However, in its response brief to AHMA's motion to dismiss, Edgenet identifies the customer as Lowe's. (Pl.'s Resp. Motion Dismiss, at 3). Edgnet's proposed Second Amended Complaint also states that the customized taxonomy at issue was created for Lowe's and that Lowe's provided it to the defendants. (Pl.'s Proposed Am. Compl., at ¶¶ 77, 79, 97, 194).

The reply briefs filed in support of the motions to dismiss also suggest that Home Depot may have been involved in the allegedly improper transfer of information to the defendants. (GS1 US Reply Br, at 6-7; AHMA Reply Br., at 4 n.2). However, Edgenet does not mention Home Depot in either its pleadings or its declarations. Therefore, the court disregards this unsupported speculation.

-7-

The absence of Lowe's from the suit does not prevent the court from according complete relief between the existing parties. Edgenet's proposed Second Amended Complaint asserts misappropriation of its proprietary information, copyright infringement, antitrust, conspiracy, and fraud claims against the current defendants. The fact that Edgenet may also bring tort and copyright claims against Lowe's does not mean Edgenet must do so. *See Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 7 (1990) (stating the general rule that joint tortfeasors are not necessary parties under Rule 19 and quoting Advisory Committee Notes to Rule 19(a) stating that "a tortfeasor with the usual 'joint-and-several' liability is merely a permissive party to an action against another with like liability."); *see also Salton, Inc. v. Philips Domestic Appliances & Pers. Care B.V.,* 391 F.3d 871, 877 (7th Cir. 2004) ("Under the principle of joint and several liability, which governs not only the common law tort of misappropriation of trade secrets but also the federal statutory tort of copyright infringement (citations omitted), the victim of a tort is entitled to sue any of the joint tortfeasors and recover his entire damages from that tortfeasor.*").* The liability of potential joint tortfeasors is several, allowing one of a number of joint tortfeasors to be sued alone. *Pasco International (London) Ltd. v. Stenograph Corp.*, 637 F.2d 496, 503 (7th Cir. 1980). Because Edgenet need not assert its claims against Lowe's as a joint tortfeasor, Lowe's is not a necessary party. The defendants also have the option of filing a third-party complaint against Lowe's pursuant to Rule 14.

Consequently, Edgenet's motion to amend is not futile for failing to name Lowe's as a defendant.

Alternatively, the defendants argue that Edgenet's action must be dismissed for failure to join Big Hammer, LLC ("Big Hammer") as a plaintiff. Big Hammer is listed as an author, along with Edgenet, on the Certificate of Registration for the copyrighted taxonomies at issue in the case. The defendants assert that they are at risk of being sued separately by Big Hammer if Big Hammer is not joined in the suit. The defendants also argue that such duplicative litigation may lead to inconsistent judgments.

However, Big Hammer is not a necessary party for claims arising out of the copyrighted taxonomies because it no longer maintains its interest in those works. A party may only sue for infringement based on ownership, and not merely on co-authorship. *See Bourne Co. v. Hunter Country Club, Inc.*, 990 F.2d 934, 937 (7th Cir. 1993) ("A copyright infringement action may only be brought by the 'legal or beneficial owner' of a copyright"); *Davis v. Blige*, 505 F.3d 90, 98-99 (2d Cir. 2007). Big Hammer does not possess any ownership interest because it transferred all interests in the subject taxonomies to Edgenet in 2006, prior to the events in question. (Rudolph Decl. Dk #20, at ¶ 5; Second Amended Complaint, Dk #33, Ex. A, at ¶¶ 32, 149). Further, Big Hammer is not a necessary party even if it did retain an ownership interest in the copyrighted taxonomy. Co-owners may sue for copyright infringement independently. *Davis*, 505 F.3d at 99.

-9-

The defendants are not in danger of multiple suits or inconsistent judgments because Big Hammer retains no ownership rights upon which to base an infringement claim. Further, Big Hammer could not seek additional damages from the defendants even if it did retain ownership interests and later filed separate infringement litigation against them. In a case where infringement damages are awarded to only one of two co-owners of a copyright, redress is properly sought through a suit between the co-owners and not through further litigation against the defendant. *See Copyright.net Music Publ'g LLC v. MP3.com*, 256 F. Supp. 2d 214, 218 (S.D.N.Y. 2003).

Finally, the defendants suggest that Big Hammer is a necessary party because it may possess some important discovery that will be more easily obtained if Big Hammer is made a party to the lawsuit. The defendants cite no authority to support their argument that ease of discovery compels joinder of a party, and the language of the rule alone does not support this contention. Also, as Edgenet points out, it acquired all of Big Hammer's assets and now has in its custody or control all documents once belonging to Big Hammer. (Reply Br. Mot. File Am. Compl, at 4-5). Big Hammer's potential possession of discovery does not render it a necessary party to the litigation.

The court finds that granting Edgenet's motion for leave to file its Second Amended Complaint is appropriate. There is no undue delay, bad faith, prejudice or futility warranting denial of leave to amend. The fact that Edgenet's proposed

-10-

Case 2:09-cv-00065-JPS   Filed 01/05/10   Page 10 of 13   Document 42

Second Amended Complaint does not add Lowe's and Big Hammer as parties does not render the amendment futile. Further, the case remains in the pleading stage and no discovery has yet been conducted.

## II. Motions to Dismiss

In addition to granting leave to file Edgenet's Second Amended Complaint, the court will also address the three pending motions to dismiss. The defendants' motions to dismiss assert that the previous complaint must be dismissed for failure to join necessary and indispensable parties.[3] The court addressed this argument above and concluded that neither Big Hammer nor Lowe's is a necessary party. Thus, their absence from the suit does not require dismissal under Rule 12(b)(7).

The motions also argue that all counts of the previous complaint must be dismissed for failure to state a claim. However, the majority of the defendants' arguments are no longer relevant because the claims they challenge are not asserted in the Second Amended Complaint. The Second Amended Complaint eliminates the previously-asserted claims for violations of the Lanham Act, Wis. Stat. § 134.01, and the Delaware Deceptive Trade Practices Act. The new complaint also replaces the "Trade Secret Misappropriation" claim with a more generic common law

---

[3]The arguments referenced in this section are asserted within three different motions to dismiss, one filed by GS1 US and 1Sync (Dk #10), one filed by AHMA (Dk #8), and one filed by GS1 Global (Dk #14). The motion to dismiss filed by GS1 US and 1Sync asserts that the amended complaint must be dismissed for failure to join Big Hammer and that Count V (violation of Wis. Stat. § 134.01) fails to state a claim upon which relief may be granted. The motion to dismiss filed by AHMA argues that the amended complaint must be dismissed for failure to join Edgenet's customer – later identified as Lowe's – as a necessary party. AHMA also argues that Count II (trade secret misappropriation), Count III (violations of the Lanham Act), and Count IV (deceptive trade practices under 6 Delaware Code § 2532) must all be dismissed for failure to state a claim. The motion to dismiss filed by GS1 Global joins in the Rule 12(b)(6) and Rule 12(b)(7) arguments asserted by the other defendants.

-11-

misappropriation claim (Count IX).[4]  Finally, the Second Amended Complaint includes substantially more factual allegations than the previous complaint and addresses the defendants' original request for a more definitive statement of claims pursuant to Rule 12(e).  Consequently, the motions to dismiss the counts asserted in the now-defunct Amended Complaint are moot.

The motion to dismiss filed by defendant GS1 Global makes an additional argument asserting that all claims against GS1 Global must be dismissed because the court lacks personal jurisdiction over it.  However, GS1 Global's motion to dismiss is based upon the previous complaint and the claims contained therein.  The Second Amended Complaint asserts a new claim against GS1 Global which impacts the court's analysis.  Edgenet now asserts a RICO conspiracy under 18 U.S.C. § 1962(d) against GS1 Global.  The RICO statute authorizes nationwide service of process.  *In re Bridgestone/Firestone, Inc., Tires Products Liability Litigation*, 333 F.3d 763, 768 (7th Cir. 2003) (citing 18 U.S.C. § 1965(b)).  The authorization of service provided for in § 1965(b) of the RICO statute creates personal jurisdiction.  *Lisak v. Mercantile Bancorp, Inc.*, 834 F.2d 668, 671 (7th Cir. 1987).  GS1 Global did not address this issue in its motion to dismiss because the claim was not included

---

[4] As a result of this substitution of claims, the defendant's argument that trade secret misappropriation claims are preempted by the Wisconsin Trade Secret Act is no longer directly on point.  This is because the Wisconsin Trade Secret Act precludes civil law remedies based on misappropriation of trade secrets, but does not preclude all civil law remedies based on misappropriation of confidential information falling outside of the statutory definition of a trade secret. *Burbank Grease Services, LLC v. Sokolowski*, 2006 WI 103, ¶ 33, 294 Wis. 2d 274, ¶ 33, 717 N.W.2d 781, ¶ 33.  The newly-asserted common law claim alleges that Edgenet's "confidential and proprietary intellectual property" was misappropriated, but does not assert that this property constitutes a trade secret.  Therefore, the issue of whether the more recent misappropriation claim is preempted by the statute has not been briefed.

-12-

in the previous complaint. Therefore, the question of whether the court can exercise personal jurisdiction over GS1 Global has not been fully argued and the court cannot grant the motion to dismiss.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for leave to file a Second Amended Complaint (Docket #33) be and the same is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the motion to dismiss filed by AHMA (Docket #8) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that the motion to dismiss filed by GS1 US and 1Sync (Docket #10) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the motion to dismiss filed by GS1 AIBSL (Docket #14) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 5th day of January, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

-13-