# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

EDGENET, INC.,

        Plaintiff,

v.                                              Case No. 09-CV-65

GS1 U.S., INC., 1SYNC, INC.,
AMERICAN HARDWARE MANUFACTURERS
ASSOCIATION, and GS1 AISBL,

        Defendants.

## ORDER

On October 15, 2010, plaintiff Edgenet, Inc. ("Edgenet") filed a Motion for Judgment Pursuant to Rule 54(b) (Docket #69). This motion follows on the heels of the court's September 27, 2010 Order (Docket #67) granting in part and denying in part defendants GS1 U.S., Inc.'s, 1Sync, Inc.'s, American Hardware Manufacturers Association's, and GS1 AISBL's motion to dismiss. That order dismissed with prejudice all of Edgenet's claims other than for copyright infringement and misappropriation of trade secrets. The instant motion seeks entry of final judgment on five of the dismissed claims pursuant to Federal Rule of Civil Procedure 54(b) in order that Edgenet may immediately appeal the dismissal. The motion also seeks a stay pending any appeal. While the court dismissed a total of eight claims in its September 27, 2010 Order, Edgenet seeks entry of final judgment only as to five of those claims: monopolization under both federal and Wisconsin law; a Racketeer Influenced and Corrupt Organizations Act ("RICO") violation; civil conspiracy under

RICO; and a RICO-like claim under Wisconsin's parallel statute, the Wisconsin Organized Crime Control Act ("WOCCA").[1]

By way of background, the court briefly recounts the alleged factual bases for Edgenet's claims. Regarding the antitrust claims, Edgenet alleges that the defendants instituted a plan to restrain competition, misused Edgenet's proprietary information, abused an industry standards-setting process, and abused their tax-exempt statuses. A good deal of the claimed anti-competitive conduct results from the defendants' alleged theft and misuse of Edgenet's "taxonomy" of product marketing data, used to facilitate sharing of such data between suppliers and retailers.[2] Similar in some ways, Edgenet's RICO claims allege a pattern of racketeering activity through predicate acts of mail fraud, wire fraud, and criminal copyright infringement – again related to its "taxonomy" of product marketing data. Edgenet's copyright and misappropriation claims, comparatively, involve allegations that the defendants stole or otherwise misused Edgenet's "taxonomy." Because the court finds there is just reason to delay entry of final judgment on the antitrust and RICO claims, it will deny Edgenet's motion.

Per Rule 54(b), a court may direct entry of final judgment as to one or more, but less than all, claims if it expressly determines "there is no just reason for delay." Fed. R. Civ. P. 54(b). An entry of such judgment creates appellate jurisdiction in the

---

[1] As these five claims essentially boil down to an antitrust claim and a RICO claim, the court condenses and refers to them as such for simplicity.

[2] The court's September 27, 2010 Order (Docket #67) provides a more detailed background regarding the purposes and use of marketing data as well as the "taxonomy" itself.

circuit court. See 28 U.S.C. § 1291 (appellate jurisdiction over all "final decisions"). In order to enter a judgment pursuant to Rule 54(b): (1) the claims must be separable from those not adjudicated; (2) the decision must be final; and (3) the court must expressly find "no just reason for delay." *Stearns v. Consol. Mgmt., Inc.*, 747 F.2d 1105, 1108 (7th Cir. 1984). Here, the parties do not dispute that because the court dismissed the claims with prejudice, the decision is final. However, even assuming the claims in question are in fact separable, the court finds there remains just reason to delay entry of final judgment.

A district court's determination of whether there is no just reason to delay entry of final judgment is committed to its discretion, "to be exercised 'in the interest of sound judicial administration.'" *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980). A court should also consider the equities involved. *Id.* A district court has great leeway to consider any relevant factors. *Bank of Lincolnwood v. Fed. Leasing, Inc.*, 622 F.2d 944, 949 (7th Cir. 1980). Nonexclusive guiding factors include:

> (1) The relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Id.* These considerations are intended to "preserve[] the historic federal policy against piecemeal appeals." *Curtiss-Wright*, 446 U.S. at 8. In turn, the Seventh Circuit has noted that the purpose of Rule 54(b) "is to permit piecemeal appeals 'in

the infrequent harsh case.'" *Bank of Lincolnwood*, 622 F.2d at 949 n.7. Thus, courts in this circuit have often considered whether there is a danger of hardship or injustice through delay that can be alleviated by immediate appeal. *Gibson v. Am. Cyanamid Co.*, No. 07-CV-864, 2010 WL 3062145, at *2 (E.D. Wis. Aug. 2, 2010) (citing *McAdams v. MCord*, 533 F.3d 924, 928 (8th Cir. 2008)); *Morrison v. YTB Int'l, Inc.*, Nos. 08-565-GPM, 08-579-GPM, 10-305-GPM, 2010 WL 2132071, at *2 (S.D. Ill. May 14, 2010); *Wright v. Kosciusko Med. Clinic, Inc.*, 791 F. Supp. 1327, 1334 (N.D. Ind. 1992); *Architectural Floor Prods. Co. v. Don Brann & Assocs., Inc.*, 551 F. Supp. 802, 808 (N.D. Ill. 1982).

Upon considering the factors presented, the court finds the wisest exercise of discretion is to deny entry of final judgment. Weighing heavily against allowing piecemeal appeal is the fact that there is no persuasive showing of hardship or injustice. Edgenet points only to the fact that it is seeking injunctive relief to establish that it faces hardship. While a District of Connecticut case supports the proposition, *Bristol Tech., Inc. v. Microsoft Corp.*, 127 F. Supp. 2d 85, 91 (D. Conn. 2000), the situation here is distinguishable. In *Bristol Technology*, the court severed Bristol's claims from Microsoft's counterclaims and ordered separate trials. *Id.* at 86. After trial on Bristol's claims, with Microsoft's counterclaims still pending, the jury found Microsoft had committed deceptive acts or practices. *Id.* at 86-87. The court found no just reason for delay where the court had then determined an injunction should issue to prevent continued public deception. *Id.* at 91. That injunction could not take effect until entry of final judgment, thus, the court found there was some

danger of injustice through delay. *Id.* That is far from the case here. Edgenet merely seeks to appeal dismissal of claims in which it happens to *request* injunctive relief; there has been no determination that Edgenet is in fact entitled to injunctive relief. Further, the argument carries even less weight given the procedural history of this case. As the court noted in its order dismissing the claims at issue, this case has been active for over two years now with three iterations of a complaint, at which point the court has only now passed the dismissal stage. The court sees no compelling reason for further delay.

Thus, a lack of hardship or injustice in delaying an appeal, as well as the procedural history of this case, counsels against granting Rule 54(b) certification. Other factors bolster this decision, particularly the relationship between adjudicated and unadjudicated claims. Though the court makes no specific finding on the separability of the claims, it is clear that they are intertwined. While Edgenet asserts that the relationship factor weighs in its favor for the same reasons that the claims are separable, the court notes that the relationship factor is broader than the more specific notion of separability. Though Edgenet's antitrust and RICO claims could conceivably survive absent the copyright and misappropriation allegations, a simple reading of the complaint shows that they are heavily dependent on such. Thus, it appears to the court that the relationship between the claims is close enough to further suggest avoiding a piecemeal appeal. This also illustrates that, while a decision here will not necessarily moot the issues on appeal, the mootness factor carries much less weight in this situation.

Moreover, the possibility of requiring the court of appeals to repeatedly consider and decide upon issues of copyright infringement and misappropriation is high. Again, while the antitrust and RICO claims may be capable of standing without those allegations, surely Edgenet alleges much stronger claims with their inclusion. Edgenet argues that the Seventh Circuit will not decide the same issues more than once because they will be faced only with the questions of whether the complaint sufficiently alleges antitrust injury and a RICO "pattern." However, the factor allows for consideration of more than just the label applied to the legal issue. It also concerns "spar[ing] the court of appeals from having to keep relearning the facts of a case on successive appeals." *Ind. Harbor Belt R.R. Co. v. Am. Cyanamid Co.*, 860 F.3d 1441, 1444 (7th Cir. 1988). Though the big-picture legal issues of antitrust injury and RICO pattern may be different from copyright infringement and misappropriation, the underlying facts alleged in the complaint to establish antitrust injury and the RICO pattern both involve the same misuse of Edgenet's "taxonomy" that serves as the basis for the copyright and misappropriation claims. Thus, the Seventh Circuit will almost assuredly be asked to consider the same facts a second time upon a later appeal from the adjudication of the claims that remain with this court.

Finally, Edgenet argues that certifying these claims will improve the upcoming discovery process and avoid a possible second trial. While it is true that the antitrust and RICO claims involve additional facts beyond misuse of the "taxonomy," the same argument could be made for any case that otherwise qualifies for Rule 54(b)

certification.[3] Given the previously discussed factors, this consideration does not carry enough weight to tip the scales. At most, this factor might counterbalance the concern related to successive appeals, but the court finds that this aspect is not so strong as to override the other concerns discussed.[4] Overall, the sound course is to deny certification. Thus, the request for a stay is also denied as moot.

Accordingly,

**IT IS ORDERED** that the plaintiff's Motion for Judgment Pursuant to Rule 54(b) (Docket #69) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 1st day of April, 2011.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

---

[3]Though the court need not decide the issue of separability here, where claims are separable they will necessarily involve a different scope of discovery.

[4]Ultimately, comparing this consideration to the concern over piecemeal appeals, it becomes evident that either the district court or the circuit court will be faced with some degree of judicial inefficiency. Given the length of time this case has been pending and its current stage, the court is not sure that an immediate appeal would even be efficient for the district court.